UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **TINA L. NICHOLS,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**FIRST DATA RESOURCES, LLC,** a Delaware Limited Liability Corporation,<br><br>and<br><br>**JONES LANG LASALLE AMERICAS, INC.,** a Maryland Corporation<br><br>Defendants. | Case No. 8:19-cv-35<br><br>COMPLAINT<br><br>Place of Trial: Omaha, NE<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Tina L. Nichols ("Ms. Nichols") is a 56-year-old African American woman who was placed by Jones Lang LaSalle Americas, Inc. ("JLL") at First Data Resources, LLC ("First Data") in Omaha, Nebraska.[1] Ms. Nichols worked at First Data as an Administrative Secretary. Nichols' manager assessed her performance as positive after her first six (6) months; she was told she was "an integral part of the team." Not only was Ms. Nichols told she "does a great job," her supervisor wrote in her MidYear Review that Ms. Nichols

> "has quickly become a part of the fabric of the JLL/First Data family. She is personable, professional and adaptable. She been a great addition…"

2. Nonetheless, Ms. Nichols' was unexpectedly fired from her position. First Data told Ms. Nichols' JLL supervisor, Matt Covey, on May 1, 2017, that "today will be Ms.

---

[1] First Data contracted with JLL for facilities maintenance to provide property and administrative services. The services were located in the Corporate Solutions Business Unit of First Data.

Nichols'] last day." Covey then relayed to Ms. Nichols that "our client said today will be your last day."

3. Neither First Data nor JLL issued Ms. Nichols a warning. Nor did either defendant required Ms. Nichols be put on a performance improvement plan.

4. Ironically, First Data was served with a discrimination charge by one of its former employees, Rodney Nichols, who happens to be Ms. Nichols' husband. He filed charges in Spring 2016 but those charges were not served on First Data until after Ms. Nichols' MidYear review was issued. After Rodney filed discrimination charges against First Data, and those charges were served on it, First Data's treatment of Ms. Nichols' changed. Her Annual Review was markedly different than her MidYear review.

5. Ms. Nichols' termination was due solely on retaliation by First Data because her husband availed himself of the protected legal processes for safeguarding his state and federal rights to be free from discriminatory treatment. The timing demonstrates that Mr. Nichols' discrimination charge with the Omaha Human Rights and Relations was the causative event resulting in Ms. Nichols' termination.

## PARTIES

6. Tina Nichols ("Ms. Nichols") is a 56-year-old African American woman who worked for JLL at First Data until she terminated on May 1, 2017. Ms. Nichols lives in Omaha, Nebraska.

7. First Data Resources, LLC ("First Data") provides technology and services solutions to merchants and financial institutions around the world. First Data is a Delaware Limited Liability Corporation doing business in Nebraska with a location at 6855 Pacific Street, Omaha, NE 68106.

8. JLL provides clients services and staffing to merchants and financial institutions, having partnered with First Data. JLL is a Maryland Corporation doing business in Nebraska at First Data's location, 6855 Pacific Street, Omaha, NE 68106.

## JURISDICTION & VENUE

9. This matter arises under federal and state law. This Court has jurisdiction pursuant to 28 U.S.C. §1331 based on Ms. Nichols' federal claims set forth in this Complaint. This Court has supplemental jurisdiction of the Nebraska state law claims pursuant to 28 U.S.C. §1367.

10. Venue is proper in this District pursuant to 28 U.S.C. §1381(b)(2), because the acts complained of here were orchestrated from, planned in, and conducted in this District.

11. Ms. Nichols dual filed charges of discrimination against both Defendants with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunity Commission ("EEOC").

   a. Her administrative charges against First Data are identified as NEOC Charge No. 2-17/28-12-49166-RD and EEOC Charge No. 32E-2018-00159.

   b. Her charges against JLL are identified as NEOC Charge No. 2-17/28-12-49167-RD and EEOC Charge No. 32E-2018-00160.

The NEOC issued its determination on both charges as of October 19, 2018. Ms. Nichols received the NEOC's determinations on October 26, 2018. The EEOC issued its Notice of Right to Sue on both charges as of December 18, 2018. (A copy of both of the EEOC

3

Notices of Right to Sue are attached as Exhibits A and B and incorporated by this reference as if fully set forth).

## **FACTS**

12. Ms. Nichols started working at First Data on March 23, 2016, when JLL placed her at that location.  As noted above, her performance at First Data initially was assessed as very positive.  In September 2016k, Ms. Nichols' manager described her performance as "personable, professional and adaptable," calling her a "great addition."

13. Unbeknownst to Ms. Nichols' JLL Manager, Matthew Covey, Ms. Nichols' husband, Rodney Nichols ("Rodney"), who was employed directly by First Data, filed a charge of discrimination against First Data with the Omaha Human Rights and Relations Department ("OHRRD") on June 29, 2016.  That filing languished at OHRRD for months, until December 18, 2017 when Rodney retained Carlson & Burnett LLP to represent him and the law firm provided OHRRD with its Notice of Representation.  (Exhibit C, a true and correct copy of C&B's 12/19/2018 letter of representation is attached as Exhibit C and incorporated here.)

14. Rodney's work at First Data put him in close proximity to First Data's Director of Operations, Mark Jellsey.  They could hear one another's telephone conversations from their respective work spaces.  Jellsey knew when Rodney's discrimination charge was received by First Data.

15. Jellsey informed First Data's Director of Property, Scott Altic, of Rodney's charge because Ms. Nichols worked with Altic in the same office location. Altic informed JLL, including Ms. Nichols' supervisor Covey, of Rodney's charge filed against First Data.

16. Ms. Nichols' annual performance review, which was performed after First Data received Rodney's charge was dramatically different than her MidYear Review. The only change that took place during the interim period was that Rodney's charge of discrimination against First Data was served.

17. Ms. Nichols seeks judgment against First Data and JLL for their retaliation against her based on the fact that her husband filed discrimination charges against First Data.

### **CLAIM I**

### **RETALIATION**
(42 U.S.C. § 2000e3-a; Neb. Rev. Stat. § 1114)

18. Ms. Nichols incorporates by reference paragraphs 1-17, inclusive, as if fully set forth.

19. Both Nebraska law and federal law in Title VII prohibit retaliation:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 .S.C. § 2000e3-a.

20. To state a retaliation claim, Ms. Nichols must show (1) she engaged in statutorily protected activity by either participation and/or protesting what she believed in good faith to be discriminatory conduct, (2) her employers were of the protected activity,

5

(3) she suffered an adverse employment action, and (4) a causal connection between her engagement in protected activity and the adverse employment action.  Close temporal proximity between protected activity and an adverse employment action raises an inference of causation.

21. It is unlawful for an employer to retaliate against an employee because his or her spouse, who is also an employee, filed a charge of discrimination.  *See* Equal Employment Opportunity Commission, Compliance Manual §8-II, p. 8-10 (1998).

22. Ms. Nichols was assessed as a successful employee until First Data learned that her husband, one of its former employees, filed a charge of discrimination against it. First Data employees were aware of Rodney's filings based on the service of the charge on it.  First Data's Director of Operations, Mark Jellsey, overheard Rodney's telephone and personal conversations in their work spaces.  Jellsey knew that Rodney filed a discrimination charge with OHRRD and that the charge was received at First Data.

23. Jellsey informed First Data's Director of Property, Scott Altic, of Rodney's charge.  Ms. Nichols worked with Altic in the same office location.  Altic then passed along the fact of the Rodney's discrimination charge to Ms. Nichols' supervisor at JLL.

24. After that information was learned, Ms. Nichols treatment by First Data employees changed.  She was treated more abruptly by management, she was criticized for trivial matters.  First Data and JLL contend they did not know of Rodney's charge.  The timing of First Data's and JLL's actions, their increased daily scrutiny, First Data's instructions to JLL to end Ms. Nichol's position all weigh heavily against First Data's claim.

25. First Data instructed JLL to terminate Ms. Nichols' employment at First Data without any warning, any factual basis related to her performance, and ultimately based solely on the fact that her husband Rodney filed discrimination charges against First Data. When those charges were served on First Data and it learned of the Rodney's claims, First Data commanded Ms. Nichols' termination.

WHEREFORE, Ms. Nichols requests judgment ordering an award of damages pursuant to 42 U.S.C. § 12203 *et seq.* and Neb. Rev. Stat. § 48-114 *et seq.* based on retaliatory termination First Data instructed JLL to execute.

### **REQUEST FOR RELIEF**

Ms. Nichols requests judgment in her favor and awarding the following:

1. Damages for Ms. Nichols' lost and future wages based on her termination;

2. Damages for Ms. Nichols' emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

3. Damages for Ms. Nichols' out of pocket expenses for physical and mental health treatment;

4. Punitive damages for First Data's knowing violation of federal discrimination laws;

5. Costs and attorney fees; as allowed by law, and

6. Such other and further relief as the Court deems appropriate.

**PLAINTIFF MAKES DEMAND FOR TRIAL BY JURY IN OMAHA, NEBRASKA.**

DATE: January 24, 2019.

|   |   |
|---|---|
| By: | s/ *Terry A. White* |
|   | Terry A. White #18282 |
|   | Alexis S. Mullaney #25908 |
|   | **CARLSON & BURNETT LLP** |
|   | 17525 Arbor Street |
|   | Omaha, NE 68130 |
|   | Direct (402) 682-8006 |
|   | Main (402) 934-5500 |
|   | terry@carlsonburnett.com |
|   | *Attorneys for Plaintiff* |

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Tina L. Nichols | From: St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103    **Exhibit A** |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2018-00159 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Joseph J. Wilson*           December 18, 2018
James R. Neely, Jr., Director      *(Date Mailed)*

Enclosures(s)

cc: ✓ Alexis Mullaney
     CARLSON & BURNETT
     17525 Arbor St
     Omaha, NE 68130

FIRST DATA RESOURCES, LLC
ATTN: Human Resources Director
6855 Pacific St, Ak-32
Omaha, NE 68106

Cody Elyse Brookhouser-Sisney
MCGRATH NORTH
1601 Dodge St, Ste 3700
Omaha, NE 68102

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974;
See Privacy Act Statement before completing this form.

AGENCY
[X] FEPA
[X] EEOC

CHARGE NUMBER
NEB 2-17/18-12-49166-RD
32E-2018-00159

Nebraska Equal Opportunity Commission and EEOC

DATE RECEIVED BY NEOC
RECEIVED NEOC
DEC 06 2017
OMAHA OFFICE

NAME (Indicate Mr., Ms., Mrs.)
Ms. Tina L Nichols

STREET ADDRESS

CITY, STATE AND ZIP CODE

HOME TELEPHONE

DATE OF BIRTH

---

**IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one list below.)

NAME: First Data Resources, LLC
STREET ADDRESS: 6855 Pacific St, AK-32  CITY, STATE AND ZIP CODE: Omaha, NE 68106
NUMBER OF EMPLOYEES, MEMBERS: More than 500 Employees
TELEPHONE:
COUNTY: Douglas

NAME: First Data Corporation
STREET ADDRESS: 5565 Glenridge Connector NE  CITY, STATE AND ZIP CODE: Atlanta GA 30342
NUMBER OF EMPLOYEES, MEMBERS:
TELEPHONE:
COUNTY:

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

DATE DISCRIMINATION TOOK PLACE
EARLIEST: 3/1/2017   LATEST: 5/1/2017
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I. I was placed with the Respondent via Jones Lang LaSalle Americas, Inc. beginning March 23, 2016, most recently as an Administrative Secretary. My husband, Rodney A. Nichols, filed a discrimination charge against Respondent on June 29, 2016, with the Omaha Human Rights and Relations Department (case numbers 16-0523-033-ER and 2016-00039). In retaliation for my husband's charge of discrimination, Respondent subjected me to different terms and conditions of employment and ended my assignment.

II. I believe I have been discriminated against on the basis of retaliation, in violation of The Age Discrimination in Employment Act of 1967, as Amended, and Section 48-1004(4) of the Nebraska Age Discrimination in Employment Act; and on the basis of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as Amended, and Section 48-1114(2) of the Nebraska Fair Employment Practice Act, in that:

1. In June 29, 2016, my husband filed a charge of discrimination against Respondent with the Omaha Human Rights and Relations Department on the bases of age and race. I believe Director Mark Jellsey informed Director of Property Scott Altic, who worked with me in the same office location, about my husband's charge of discrimination against Respondent. I believe Altic informed my Jones Lang LaSalle Americas, Inc. Supervisor, Matt Covey of the charge.

2. I received a negative performance review from Covey around March 2017, but my September 2016 review had been positive.

3. On May 1, 2017, I was informed my assignment was terminated when Covey indicated Respondent didn't want me to return.

4. My performance was satisfactory.

Continued on page 2

Tina L Nichols vs. First Data Resources, LLC
Page 2

This space intentionally left blank.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

x _Tina R. Nichols_

State of Nebraska   County of Douglas

On this, the 6th day of December, 2017,
The Complainant appeared before me, known to me (or satisfactorily proven) to be the person whose name is subscribed to this instrument, and acknowledged that they executed the same for the purposes therein contained.

Notary Public _Diana K Wilkey_

Notary Seal

GENERAL NOTARY - State of Nebraska
DIANA K. WILKEY
My Comm. Exp. July 2, 2020

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Tina L. Nichols     From: St. Louis District Office
1222 Spruce Street
Room 8.100
Saint Louis, MO 63103

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2018-00160 | Joseph J. Wilson, State & Local Program Manager | (314) 539-7816 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**Exhibit B**

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Joseph J Wilson* (signature)

James R. Neely, Jr.,
Director

December 18, 2018
*(Date Mailed)*

Enclosures(s)

cc: Alexis Mullaney
CARLSON & BURNETT
17525 Arbor St
Omaha, NE 68130

Julie M. Baker
Sr Counsel, Employment Litigation
JONES LANG LASALLE AMERICAS, INC
200 E Randolph Dr
Chicago, IL 60601

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA ☒ EEOC | NEB 2-17/18-12-49167-RD  32E-2018-00160 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

**Nebraska Equal Opportunity Commission and EEOC**

DATE RECEIVED BY NEOC

RECEIVED NEOC
DEC 06 2017
OMAHA OFFICE

**NAME** (Indicate Mr., Ms., Mrs.): Ms. Tina L Nichols
**HOME TELEPHONE**:
**STREET ADDRESS**:
**CITY, STATE AND ZIP CODE**:
**DATE OF BIRTH**:

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Jones Lang LaSalle Americas, Inc.
**NUMBER OF EMPLOYEES, MEMBERS**: 15-100 Employees
**TELEPHONE**:
**STREET ADDRESS**: 7302 Pacific Street
**CITY, STATE AND ZIP CODE**: Omaha NE 68114-5448
**COUNTY**: Douglas

**NAME**: Jones Lang LaSalle Americas, Inc.
**NUMBER OF EMPLOYEES, MEMBERS**:
**TELEPHONE**:
**STREET ADDRESS**: 200 E Randolph Dr
**CITY, STATE AND ZIP CODE**: Chicago IL 60601
**COUNTY**:

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST: 3/1/2017   LATEST: 5/1/2017
[ ] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional space is needed, attach extra sheet(s)):

I. I worked for Respondent beginning March 23, 2016, most recently as an Administrative secretary placed at First Data Resources (FDR) in Omaha, NE. My husband, Rodney A. Nichols, filed a discrimination charge with the Omaha Human Rights and Relations Department against First Data Resources on June 29, 2016. In retaliation for my husband's charge of discrimination, Respondent subjected me to different terms and conditions of employment and terminated my employment.

II. I believe I have been discriminated against on the basis of retaliation, in violation of The Age Discrimination in Employment Act of 1967, as Amended, and Section 48-1004(4) of the Nebraska Age Discrimination in Employment Act; and on the basis of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as Amended, and Section 48-1114 (2) of the Nebraska Fair Employment Practice Act, in that:

1. On June 29, 2016, my husband filed a charge of discrimination with the Omaha Human Rights and Relations Department against FDR on the bases of age and race. I believe FDR Director Mark Jellsey informed FDR Director of Property Scott Altic, who worked with me in the same office location, about my husband's charge of discrimination against FDR. I believe Altic then informed Respondent Supervisor Matt Covey of the charge of discrimination.

2. I received a negative performance review around March 2017, but my September 2016 review had been positive.

3. On May 1, 2017, I was terminated from Respondent when Covey indicated FDR didn't want me to return. Covey said he would write a letter of recommendation for me, but never did.

4. My performance was satisfactory.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I swear or affirm that I have read the above and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

x /s/ Tina Nichols

State of Nebraska   County of Douglas
On this, the 6th day of December, 2017, The Complainant appeared before me, known to me (or satisfactorily proven) to be the person whose name is subscribed to this instrument, and acknowledged that they executed the same for the purposes therein contained.

Notary Public /s/ Diana K. Wilkey

Notary Seal: GENERAL NOTARY - State of Nebraska
DIANA K. WILKEY
My Comm. Exp. July 2, 2020