## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TINA NICHOLS, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 8:19-cv-35** |
| | ) | |
| **v.** | ) | **ANSWER TO FIRST AMENDED** |
| | ) | **COMPLAINT** |
| **FIRST DATA CORPORATION,** | ) | |
| | ) | |
| **And** | ) | |
| | | |
| **JONES LANG LASALLE** | | |
| **AMERICAS, INC.,** | | |
| | | |
| **Defendants.** | | |

Defendant, First Data Corporation ("Defendant"), answers the First Amended Complaint and Jury Trial Demand filed by Tina Nichols ("Plaintiff") in the above-captioned action, as follows:

## INTRODUCTION

1.      Defendant denies the allegations in Paragraph 1 of the First Amended Complaint, and specifically denies any liability in this matter.

2.      Defendant denies the allegations in Paragraph 2 of the First Amended Complaint.

3.      Defendant denies the allegations in Paragraph 3 of the First Amended Complaint.

4.      Defendant denies the allegations in Paragraph 4 of the first Amended Complaint.

5.      Defendant denies the allegations in Paragraph 5 of the First Amended Complaint.

## PARTIES

6.   Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the First Amended Complaint and, for that reason, denies those allegations.

Further, Defendant specifically denies that Plaintiff was employed or terminated by Defendant.

7.  Defendant denies that it is a Delaware limited liability corporation, but admits the remaining allegations in Paragraph 7 of the First Amended Complaint.  Further, Defendant specifically denies that Plaintiff was employed or terminated by Defendant.

8.  Defendant lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the First Amended Complaint and, for that reason, denies those allegations.

## JURISDICTION AND VENUE

9.  Defendant admits that jurisdiction is proper with regard to Plaintiff's federal claims, but specifically denies any liability in this matter.  Defendant denies that jurisdiction is proper with regard to Plaintiff's state law claims.

10. Defendant admits that venue is proper, but denies the remaining allegations in Paragraph 10 of the First Amended Complaint, and specifically denies any liability in this matter.

11. Defendant admits that Plaintiff dual filed a charge of discrimination against it and admits that the Nebraska Equal Opportunity Commission ("NEOC") issued its determination on October 19, 2018.  Defendant lacks sufficient information to form a belief as to the truth of the allegation of when Plaintiff received the NEOC determination and, therefore, denies that allegation.  Defendant admits that the Equal Employment Opportunity Commission issued its Notice of Right to Sue on December 18, 2018; however, any allegations pertaining to Plaintiff's Exhibits A and B relate to written documents which speak for themselves, and any mischaracterizations of those documents are denied.  To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 11 of the First Amended Complaint and leaves Plaintiff to her burden of proof.

## FACTS

12. Defendant denies the allegations in Paragraph 12 of the First Amended Complaint.

13. Defendant admits that Rodney Nichols is a former employee and that he filed a charge against Defendant.  Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the First Amended Complaint and, for that reason, denies those allegations.

14. Defendant denies the allegations in Paragraph 14 of the First Amended Complaint.

15. Defendant denies the allegations in Paragraph 15 of the First Amended Complaint.

16. Defendant denies the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendant denies the allegations in Paragraph 17 of the First Amended Complaint, and specifically denies any liability in this matter.

## CLAIM I

18. Defendant re-alleges and incorporates its answers to Paragraphs 1 through 17, as if fully set forth below.

19. Paragraph 19 of the First Amended Complaint states legal conclusions to which no answer is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 19 and specifically denies any violation of law or liability to Plaintiff in any way.

20. Paragraph 20 of the First Amended Complaint states legal conclusions to which no answer is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 20 and specifically denies any violation of law or liability to Plaintiff in any way.

21. Paragraph 21 of the First Amended Complaint states legal conclusions to which no answer is required.  To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 21 and specifically denies any violation of law or liability to Plaintiff in any way.

22. Defendant denies the allegations in Paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations in Paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations in Paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations in Paragraph 25 of the First Amended Complaint.

26. Defendant denies the allegations set forth in the "WHEREFORE" paragraph of the First Amended Complaint, and specifically denies any liability in this matter.

## REQUEST FOR RELIEF

1. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this paragraph.

2. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this paragraph.

3. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this paragraph.

4. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this paragraph.

5. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this paragraph.

6. Defendant denies that Plaintiff is entitled to any relief in this matter and specifically denies the allegations in this paragraph.

7. Defendant denies each and every allegation of the First Amended Complaint not specifically admitted in its Answer.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

2. Defendant was not Plaintiff's employer.

3. All actions taken or alleged to have been taken against Plaintiff were based on legitimate, non-retaliatory reasons and consistent with Company policy.

4. Plaintiff cannot recover liquidated, punitive, or exemplary damages because Plaintiff has failed to plead and cannot establish facts sufficient to support allegations of willful, intentional, and malicious acts or conduct in reckless disregard of Plaintiff's rights to support such an award.

5. The imposition of punitive damages requested by Plaintiff will violate Defendant's rights to due process under law, as guaranteed by the Fourteenth Amendment to the United States Constitution.

6. If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

7. Plaintiff's claim for damages is limited to the extent that she has failed to mitigate her alleged damages, if any.

8. Plaintiff's claims are barred by reason of her failure to comply with Defendant's policies and procedures.

9. Plaintiff's claims for economic damages should be barred or limited by any after-acquired evidence discovered that would show that Plaintiff's employment would have

been terminated on other grounds.

10. To the extent that Plaintiff is seeking to pursue any claims based on alleged acts and events that occurred more than 300 days prior to the filing of her Charge of Discrimination, such claims are barred by the applicable statute of limitations and/or Plaintiff's failure to exhaust administrative remedies.

11. Plaintiff's state law claims are barred to the extent that Plaintiff failed to comply with the applicable statute of limitations.

12. At all times relevant to this litigation, Defendant acted in a manner which was proper, reasonable, lawful, and in the exercise of good faith.

13. Plaintiff is not entitled to a jury trial on her claims for equitable relief.

14. Defendant reserves the right to assert additional defenses that may become known through further investigation and discovery in this case.

Defendant respectfully requests that Plaintiff's First Amended Complaint be dismissed in its entirety with prejudice, that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and expenses, including costs and counsel fees, and such other relief as the Court deems just and proper.

Dated this 3rd day of April, 2019.

FIRST DATA CORPORATION
Defendant.

/s/  Cody Brookhouser-Sisney
Cody Brookhouser-Sisney (NE Bar #25872)
A. Stevenson Bogue (NE Bar #15509)
McGrath North Mullin & Kratz, PC LLO
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE  68102
Phone: 402-341-3070
Fax:  402-341-0216

cbrookhouser@mcgrathnorth.com
sbogue@mcgrathnorth.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on the 3rd day of April, 2019, the above and foregoing **Answer to First Amended Complaint** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Alexis Mullaney
Terry White
CARLSON & BURNETT LLP
17525 Arbor Street
Omaha, NE 68130
alexis@carlsonburnette.com
terry@carlsonburnette.com

Marnie A. Jensen
Kamron Hasan
HUSCH BLACKWELL LLP
13330 California St., Ste. 200
Omaha, NE  68154
Telephone:  (402) 964-5000
Facsimile:  (402) 964-5050
marnie.jensen@huschblackwell.com
kamron.hasan@huschblackwell.com

_____/s/ Cody Brookhouser-Sisney_____
Cody Brookhouser-Sisney