IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TINA L. NICHOLS, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST DATA CORPORATION, a Delaware Limited Liability Corporation,<br><br>and<br><br>JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation<br><br>    Defendants. | Case No. 8:19-cv-35<br><br><br>**DEFENDANT JONES LANG LASALLE AMERICAS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |

## INTRODUCTION

In her Complaint, Plaintiff asks this Court to expand the protections of Title VII and NFEPA. Plaintiff's theory of relief is not based on her own protected conduct or her employer's retaliation against her. Instead, Plaintiff bases her claims on alleged protected conduct of her spouse who works for a *different* employer and that *other employer's* attempt to retaliate against Plaintiff's spouse, not Plaintiff. Plaintiff is therefore asking this Court to permit theory of relief that would allow an employee to maintain a retaliation claim against her own employer for the alleged protected conduct of a different employee working for a different employer. Simply put, there is no Supreme Court, Eighth Circuit, or Nebraska case law allowing such a theory of relief. Defendant Jones Lang LaSalle Americas, Inc. ("JLL") therefore respectfully requests this Court grant its Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss Plaintiff's claim against JLL with prejudice.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a 12(b)(6) motion, a plaintiff must allege, "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A plaintiff "must provide something more than a simple statement of facts creating a suspicion of a legally cognizable right of action." *Strock v. Indep. Sch. Dist. No. 281*, No. 06-3314 (JMR/FLN), 2008 WL 782346, *5 (D. Minn., Mar. 21, 2008). The pleaded facts, accepted as true, must be sufficient to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Thus, a "complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Allegations that contain nothing "more than conclusions, are not entitled to the assumption of truth." *Id.*; *see also Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 716 (8th Cir. 2011) (reciting 12(b)(6) standard on motion to dismiss in retaliation case).

## RELEVANT FACTUAL AVERMENTS

For purposes of JLL's Motion to Dismiss, JLL accepts Plaintiff's factual averments as true, but does not accept unsupported legal conclusions. JLL reserves the right to challenge the veracity of Plaintiff's factual averments if the Court allows Plaintiff's claim to proceed.

Plaintiff was employed by JLL. Doc. No. 8 at ¶¶ 1, 6. Her employment began on March 26, 2016. Doc. No. 8 at ¶ 12. Plaintiff's last day was May 1, 2017. Doc. No. 8 at ¶ 2.

2

Plaintiff's husband, Rodney Nichols ("Rodney") was employed by co-Defendant First Data Corporation ("First Data"). Doc. No. 8 at ¶¶ 13, 15. There are no averments that Rodney had any relationship with JLL. Rodney filed an administrative claim against First Data on June 29, 2016. Doc. No. 8 at ¶ 13. According to Plaintiff, the administrative agency did not begin investigating that charge until December 18, 2017. Doc. No. 8 at ¶ 13. Plaintiff thus avers that the investigation did not begin until more than six months after Plaintiff's employment with JLL ended. *Compare* Doc. No. 8 at ¶ 2 *with* Doc. No. 8 at ¶ 13. Plaintiff alleges that First Data employees learned of Rodney's charge at some point in time. Doc. No. 8 at ¶¶ 14-15. Plaintiff also alleges that First Data notified Plaintiff's supervisor, Matt Covey, of the existence of Rodney's charge; however, Plaintiff also avers that Mr. Covey did not know that Rodney filed the charge. Doc. No. 8 at ¶¶ 15, 13.

Plaintiff's only allegation is that she was retaliated against by First Data and JLL "for their retaliation against her based on the fact that her husband filed discrimination charges against First Data." Doc. No. 8 at ¶ 17. Plaintiff's claim is that her "termination was due solely on retaliation by First Data because her husband" allegedly engaged in protected activity, but she does not allege that she engaged in any protected activity. Doc. No. 8 at ¶ 5.

## ARGUMENT AND AUTHORITIES

Plaintiff alleges one claim: retaliation under Title VII (42 U.S.C. § 2000e-3(a)) and the Nebraska Fair Employment Practice Act ("NFEPA") (Neb. Rev. Stat. § 48-1114). Doc. No. 8 at p. 5, ¶¶ 19-20. Those statutes prohibit retaliation against an employee because the employee opposed an unlawful employment practice or because the employee made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. *See, e.g., Collins v. Great Dane Trailers*, No. 8:16CV132, 2017 WL 706182, at *4 (D. Neb. Feb. 22,

3

2017) (analyzing Title VII); *Verby v. Paypal, Inc.*, No. 8:13-CV-51, 2014 WL 1689684, at *8 (D. Neb. Apr. 29, 2014) (Title VII prohibits an employer from retaliating against an employee for opposing unlawful discrimination); *Holmes v. Archer Daniels Midland Co.*, 724 F. Supp. 2d 1050, 1065-66 (D. Neb. 2010) (analyzing Neb. Rev. Stat. § 48-1114). NFEPA retaliation claims are governed by the same standard as Title VII retaliation claims. *Reyes v. Pharma Chemie, Inc.*, 890 F. Supp. 2d 1147, 1167 (D. Neb. 2012).

The anti-retaliation laws are designed to protect *employees* from *their employers'* unlawful employment practices. *See* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful <u>employment practice</u> for <u>an employer</u> to discriminate against any of [the employer's] <u>employees</u> or applicants <u>for employment</u>…because [the employee] has opposed any practice made an unlawful <u>employment</u> practice…or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing…."); Neb. Rev. Stat. § 48-1114 (substantially the same); *Hunt v. State of Missouri, Dep't of Corr.*, 297 F.3d 735, 741 (8th Cir. 2002) (explaining Title VII protects employees and not independent contractors). To state a viable claim for relief for retaliation under either Title VII or NFEPA, a party must plead "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016); *accord Riesen v. Irwin Indus. Tool Co.*, 272 Neb. 41, 48-49, 717 N.W.2d 907, 915 (2006).

As a general rule, a plaintiff bringing a retaliation claim must have engaged in protected conduct. *E.g., Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 819 (8th Cir. 1998); *see also Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Employees of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir. 2013) (explaining that a particular employee must allege

4

she engaged in statutorily-protected activity). However, the Supreme Court, recognizing that Title VII's anti-retaliation purpose is to protect employees from their employers' unlawful acts, has recognized a limited exception to the general rule. *See Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174 (2011). This narrow exception embraces Title VII's anti-retaliation prohibition of action that would dissuade a reasonable employee from making or supporting a charge of discrimination. *Id*. The exception allows for so-called "third party reprisals," but only by a plaintiff holding an interest arguably sought to be protected by Title VII. *Id*. at 175, 177-78.

The exception has not been extended to claims in which a plaintiff, employed by one employer, is able to bring a retaliation claim based on the alleged protected conduct by the plaintiff's spouse when that spouse was employed by a different employer. *See Tovar v. Essentia Health*, 857 F.3d 771, 777 (8th Cir. 2017). In other words, the "third party reprisal" claims have been limited to instances where the plaintiff and the individual who engaged in the protected conduct were employed by the same employer. *Id*. ("*Thompson* therefore fails to establish that the protections of Title VII extend to an employer's discrimination against an employee's beneficiary who does not have an independent relationship with the employer."). The claims have been so limited because the purpose of the anti-retaliation laws is to protect employees from their employers' unlawful actions. *Id*. (citing *Thompson*, 562 U.S. at 178).

Plaintiff does not allege that she engaged in any protected activity. *See Smith*, 151 F.3d at 819. The only alleged protected conduct was that of *her husband* as related to his employer, not JLL. Doc. No. 8 at ¶ 17. There are no averments that JLL had any interactions with Plaintiff's husband whatsoever, and there are certainly no averments that Plaintiff's husband had an independent relationship with JLL. That is due to the fact that Plaintiff's husband was employed by First Data, not JLL. Doc. No. 8 at ¶ 13.

5

Plaintiff was employed by JLL. Doc. No. 8 at ¶1, 6. Plaintiff does not allege that JLL itself engaged in any unlawful conduct or retaliation. Plaintiff's allegation against JLL is that she was retaliated against by First Data *through* JLL based on her husband's filing of an administrative charge against First Data. Doc. No. 8 at ¶¶ 5, 17. In other words, Plaintiff's claim against JLL is one based on alleged retaliation by *a different employer* stemming from purported protected conduct of *an employee of the different employer*. Thus, setting aside the numerous additional problems Plaintiff would encounter in trying to state a claim against JLL,[1] Plaintiff's retaliation claims against JLL are not plausible on their face because there is no protection under Title VII or NFEPA for conduct of a different employer. *See Tovar*, 857 F.3d at 777; *Reyes*, 890 F. Supp. 2d at 1167 (NFEPA claims are governed by same standard as Title VII claims). Plaintiff's claim against JLL should consequently be dismissed with prejudice because Plaintiff does not have a viable retaliation claim against JLL.

## CONCLUSION

Plaintiff admits she did not engage in any protected conduct. She admits that the only purported protected activity was undertaken by her husband, who was an employee of First Data, not JLL. She admits that the only alleged retaliatory conduct was by First Data, not JLL. She admits that she was employed by JLL. There is simply no Nebraska or Eighth Circuit right to relief under these circumstances. Plaintiff is therefore asking this Court to expand Title VII and NFEPA to cover alleged protected conduct of spouses of employees who work for different employers. For the forgoing reasons, Defendant Jones Lang LaSalle Americas, Inc. respectfully

---

[1] For example, Plaintiff avers contradictory facts about whether JLL ever had knowledge of Rodney's administrative charge. Plaintiff alleges that Mr. Covey did not know Rodney filed the charge. Doc. No. 8 at ¶ 13. Plaintiff contradicts herself by alleging that First Data did tell Mr. Covey, though she does not allege when this happened. Doc. No. 8 at ¶¶ 15, 13. Nor does Plaintiff address the over six-month gap in time between when she was terminated and when the administrative investigation *began*. *Compare* Doc. No. 8 at ¶ 2 *with* Doc. No. 8 at ¶ 13. Plaintiff's claims should be also be dismissed for failure to state a claim upon which relief may be granted based on these separate, conflicting allegations.

6

requests that this Court grant its Motion to Dismiss because Plaintiff has failed to state a claim upon which relief may be granted.

    Dated this 3rd day of April, 2019.

JONES LANG LASALLE AMERICAS, INC., Defendant.

By:   */s/ Kamron Hasan*
Marnie A. Jensen (#22380)
Kamron Hasan (#25404)
HUSCH BLACKWELL LLP
13330 California St., Ste. 200
Omaha, NE 68154
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
marnie.jensen@huschblackwell.com
kamron.hasan@huschblackwell.com

*Attorneys for Jones Lang LaSalle Americas, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 3rd day of April, 2019, the foregoing document was electronically filed with Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all CM/ECF Participants.

    /s/ *Kamron Hasan*

DocID: 4825-1218-5741.2