IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TINA L. NICHOLS, an individual, | Case No. 8:19-cv-35 |
| Plaintiff, | |
| v. | **DEFENDANT JONES LANG LASALLE AMERICAS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |
| FIRST DATA CORPORATION, a Delaware Limited Liability Corporation, | |
| and | |
| JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation | |
| Defendants. | |

## INTRODUCTION

Unsurprisingly, Plaintiff fails to address the crucial deficiency in her claim—there is no legal authority on which to base her theory of relief. Neither the Nebraska Supreme Court nor the Nebraska Court of Appeals has recognized the theory. Nor has this Court. The Eighth Circuit, interpreting Supreme Court law, has rejected the theory. In sum, Plaintiff has no authority for a cause of action based on the alleged protected conduct of Plaintiff's spouse who works for a *different employer* and that *other employer's* attempt to retaliate against Plaintiff's spouse, not Plaintiff. Plaintiff's omission solidifies the unavoidable fact that she is asking this Court to sanction a new theory of relief that would allow an employee to maintain a retaliation claim against her own employer for the alleged protected conduct of a different employee working for a different employer. For the reasons set forth in its initial Brief in Support and the reasons set forth herein, Defendant Jones Lang LaSalle Americas, Inc. ("JLL") respectfully requests this Court grant its Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss Plaintiff's claim against JLL with prejudice.

1

## RELEVANT FACTUAL AVERMENTS

In her Brief in Opposition, Plaintiff only reaffirms the allegations that doom her claim. JLL identified those allegations in its opening brief. To summarize, however, Plaintiff admits she was a JLL employee. Doc. No. 15, at p. 3 ¶ 3.c. Plaintiff identifies no protected conduct in which she engages—because there was none. Doc. No. 8 at ¶ 5. Instead, *her husband* allegedly filed a charge of discrimination with the Omaha Human Rights & Relations Department against *First Data*, not JLL. Doc. No. 15 at p. 2, ¶ 3.1.; Doc. No 8 at ¶¶ 13, 15. Thus, even accepting as true[1] Plaintiff's incredible theory that First Data improperly convinced JLL to terminate Plaintiff for the protected conduct of a First Data employee (which would require ignoring Plaintiff's averments that JLL did not know about the filing of the charge and that no investigation on her husband's charge against First Data began until December 18, 2017, *over six months after* Plaintiff was terminated by JLL, *see* Doc. No. 8 at ¶¶ 2, 13; Doc. No. 15 at ¶¶ 3.a., 3.b., 3.e.; Doc. No. 15 at p. 7), the fact remains that Plaintiff's entire case rests on the alleged protected conduct of another employer's employee (who had no relationship with Plaintiff's employer) and an adverse action taken against Plaintiff by her employer.

## ARGUMENT AND AUTHORITIES

Plaintiff does not address or rebut the argument and authorities identified in JLL's opening brief. Most notably, Plaintiff does not even mention the Eighth Circuit's recent decision *Tovar v. Essentia Health*, which analyzed "third-party reprisal" claims in the wake of the Supreme Court's *Thompson v. N. Am. Stainless LP* decision. *Tovar*, 857 F.3d 771, 777 (8th Cir. 2017). Such "third-party reprisal" claims have been limited to instances where *the same employer* employed both the plaintiff and the individual who engaged in the protected conduct.

---

[1] For purposes of JLL's Motion to Dismiss, JLL accepts Plaintiff's factual averments as true, but does not accept unsupported legal conclusions. JLL reserves the right to challenge the veracity of Plaintiff's factual averments if the Court allows Plaintiff's claim to proceed.

2

*Tovar*, 857 F.3d at 777 ("*Thompson* therefore fails to establish that the protections of Title VII extend to an employer's discrimination against an employee's beneficiary who does not have an independent relationship with the employer."). The claims have been so limited because the purpose of the anti-retaliation laws is to protect employees from *their employers'* unlawful actions. *Id*. (citing *Thompson*, 562 U.S. at 178). Plaintiff's failure to address the distinction is not surprising; there is likely no Nebraska, Eighth Circuit, or Supreme Court case that sanctions a cause of action akin to the one Plaintiff pursues.

Plaintiff's cited cases only support this same limitation and, consequently, support JLL's argument for dismissing the claim. For example, in Note 1 on page 5 of her Brief in Opposition, Plaintiff string cites to eight (8) foreign, non-binding cases as her authority that retaliation claims may be maintained when "a spouse, partner, family member, or even a co-worker, filed a charge of discrimination." Doc. No. 15 at p. 5. Plaintiff omits that each of those eight cases arise in circumstances where the "spouse, partner, family member, or even a co-worker" was employed by the same employer as the plaintiff therein. Plaintiff admits that is not present in this case. *See E.E.O.C. v. Ohio Edison Co*., 7 F.3d 541, 542 (6th Cir. 1993) (allowing claim where defendant allegedly retaliated against employee where co-employee complained about disparate treatment of protected class of individuals, in which both employees fell); *McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996) (identifying a "soldier retaliation" claim whereby an employee may pursue a claim for opposing retaliation against a co-employee of the same employer); *McKenzie v. Atl. Richfield Co.*, 906 F. Supp. 572, 574 (D. Colo. 1995) (analyzing claim based on alleged retaliation against husband for claims made by wife when both employees worked for same company); *Murphy v. Cadillac Rubber & Plastics, Inc.*, 946 F. Supp. 1108, 1118 (W.D.N.Y. 1996) (allowing claim where husband alleged retaliation based on wife's complaints made to

3

common employer); *E.E.O.C. v. Nalbandian Sales, Inc.*, 36 F. Supp. 2d 1206, 1208 (E.D. Cal. 1998) (allegation that plaintiff was retaliated against based on his sister filing a charge of discrimination against the same employer); *DeMedina v. Reinhardt*, 444 F. Supp. 573, 579 (D.D.C. 1978) (plaintiff alleged she was retaliated against based on her husband's anti-discrimination activities at the same employer); *Mandia v. ARCO Chem. Co.*, 618 F. Supp. 1248, 1250 (W.D. Pa. 1985) (explaining that the only potential protected activity was husband's participation with his wife's sexual harassment charge against the same employer) *Thurman v. Robertshaw Control Co.*, 869 F. Supp. 934, 937 (N.D. Ga. 1994) (stating that plaintiff's claim of retaliation was based on his wife's, also a former employee of the same employer, charge of discrimination).

Furthermore, Plaintiff relies on seven cases that deal not with a plaintiff seeking relief for the protected conduct of another (and certainly not conduct of another person employed by a different employer), but instead deal with race discrimination wherein *the plaintiff* was discriminated against because the plaintiff engaged in a relationship with a member of a different race. *See Barrett v. Whirlpool Corp.*, 556 F.3d 502, 507 (6th Cir. 2009) (claim where plaintiffs allege they were discriminated against based on their friendships and advocacy for African-American co-workers); *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, & GMC Trucks, Inc.*, 173 F.3d 988, 995 (6th Cir. 1999) (explaining that employee was discriminated against because of his race in that he had a biracial child); *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 156 F.3d 581, 589 (5th Cir. 1998) (racial discrimination allegation against plaintiff based on relationship with another, such that the claim is based on the plaintiff's race); *Parr v. Woodmen of the World Life Ins. Co.*, 791 F.2d 888, 891 (11th Cir. 1986) (same); *Reiter v. Ctr. Consol. Sch. Dist.* No. 26-JT, 618 F. Supp. 1458, 1460 (D. Colo. 1985) (same); *Whitney v. Greater New York*

4

*Corp. of Seventh-Day Adventists*, 401 F. Supp. 1363, 1366 (S.D.N.Y. 1975) (same). Plaintiff's final cited-authority is to an inapposite case that recites the uncontroversial proposition that a former employee could sue a former employer for retaliatory conduct that occurred after the end of employment. *Bailey v. USX Corp.*, 850 F.2d 1506, 1509 (11th Cir. 1988) (allowing retaliation claim by former employer based on post-employment retaliatory conduct).

Nowhere does Plaintiff cite to authority that would allow her claim to proceed. Plaintiff simply cites to factually and legally dissimilar cases and begs this Court to authorize a significant expansion of Title VII and NFEPA. Plaintiff ends her brief by arguing, without support in law or fact, that First Data demanded that JLL terminate Plaintiff. Assuming this argument were true, which it is not, Plaintiff still cannot cite a single legal authority permitting a claim against JLL. At best, all the argument does is accuse First Data of acting improperly and allege that JLL was forced to abide by First Data's allegedly improper orders. However, this unsupported argument does not salvage Plaintiff's claim against JLL. Absent any authority to pursue a claim against JLL under the circumstances, this Court should reject Plaintiff's claim and dismiss the lawsuit, with prejudice.

## CONCLUSION

For the forgoing reasons, in addition to the reasons set forth in its Brief in Support of Motion to Dismiss, Defendant Jones Lang LaSalle Americas, Inc. respectfully requests that this Court grant its Motion to Dismiss because Plaintiff has failed to state a claim upon which relief may be granted.

5

DocID: 4817-2186-6133.2

Dated this 30th day of April, 2019.

                    JONES LANG LASALLE AMERICAS, INC., Defendant.

By:   */s/ Kamron Hasan*
Marnie A. Jensen (#22380)
Kamron Hasan (#25404)
HUSCH BLACKWELL LLP
13330 California St., Ste. 200
Omaha, NE 68154
Telephone: (402) 964-5000
Facsimile: (402) 964-5050
marnie.jensen@huschblackwell.com
kamron.hasan@huschblackwell.com

*Attorneys for Jones Lang LaSalle Americas, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of April, 2019, the foregoing document was electronically filed with Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all CM/ECF Participants.

                    /s/ *Kamron Hasan*

DocID: 4817-2186-6133.2