IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TINA L. NICHOLS,<br><br>        Plaintiff,<br><br>    v.<br><br>JONES LANG LASALLE AMERICAS, INC. and FIRST DATA CORPORATION,<br><br>        Defendants. | 8:19CV35<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on defendant Jones Lang Lasalle Americas, Inc.'s ("JLL") motion to dismiss (Filing No. 13) plaintiff Tina L. Nichols's ("Nichols") Amended Complaint (Filing No. 8) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, JLL's motion is denied subject to reassertion.

**I.    BACKGROUND**[1]

    Defendant First Data Corporation ("First Data") provides technology and service solutions to merchants and financial institutions, and JLL offers client services and staffing. As described by Nichols, First Data contracted with JLL for "facilities maintenance to provide property and administrative services." JLL performed those services from the location of First Data's Corporate Solutions Business Unit.

    On March 23, 2016, JLL placed Nichols to work at First Data as an administrative secretary. Nichols's JLL supervisor, Matt Covey ("Covey"), initially gave Nichols positive reviews, deeming her "part of the fabric of the JLL/First Data family."

---

    [1]On a motion to dismiss for failure to state a claim, the Court "must accept a plaintiff's factual allegations as true" and makes all reasonable inferences in favor of the nonmoving party "but need not accept a plaintiff's legal conclusions." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Nichols's husband, Rodney Nichols ("Rodney"), worked directly for First Data. On June 29, 2016, Rodney filed a charge of discrimination against First Data with the Omaha Human Rights and Relations Department ("OHRRD"). Nichols has not alleged the basis for Rodney's discrimination charge.

First Data's Director of Operations, Mark Jellsey ("Jellsey"), was aware of Rodney's discrimination charge and told First Data's Director of Property, Scott Altic ("Altic"), about it. Altic, who worked in the same location as Nichols, informed Covey of the charge.

Nichols's subsequent annual-performance review was less glowing than her previous reviews. Nichols says the only thing that changed in the interim was Rodney's discrimination charge. After Rodney's charge, management treated Nichols more abruptly and criticized her for trivial matters.

On May 1, 2017, Nichols was fired without warning.[2] According to Nichols, First Data told Covey that "today will be Ms. Nichols' last day," and Covey informed Nichols that "our client said today will be your last day."

Nichols alleges "First Data instructed JLL to terminate Ms. Nichols' employment at First Data . . . based solely on the fact that her husband Rodney filed discrimination charges against First Data."

Nichols filed charges of discrimination against First Data and JLL with the Nebraska Equal Opportunity Commission ("NEOC") and the United States Equal Employment Opportunity Commission ("EEOC"). Nichols says the NEOC "issued its

---

[2]Nichols attributes the approximate ten-month gap between Rodney filing his charge and her termination to the fact that the OHRRD moved slowly. She says, for example, the OHRRD did little with Rodney's charge until a law firm entered a Notice of Representation on December 18, 2017. As JLL notes, Nichols's explanation falls short because December 18, 2017, is well after she was already fired on May 1, 2017.

determinations on October 26, 2018," (though she does not say what its determinations were), and the EEOC issued her Notices of Right to Sue on December 18, 2018.[3] Nichols filed (Filing No. 1) this action on January 24, 2019, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. § 48-1114.

II.    DISCUSSION
    A.    Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are generally not required; "the statement need only 'give the defendant fair notice'" of the nature and grounds of the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion, a "complaint must contain facts sufficient to state a claim that is plausible on its face." *Ash v. Anderson Merch., LLC*, 799 F.3d 957, 960 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Labels, conclusions, and formulaic recitations of elements do not suffice. *Ash*, 799 F.3d at 960.

    B.    Title VII and NFEPA

Title VII and NFEPA prohibit an employer from retaliating against an employee who opposed an unlawful employment practice or made a charge, testified, assisted, or

---

[3]Nichols indicates that her Notices of Right to Sue are attached as exhibits to her amended complaint, but there are no exhibits to her amended complaint.

participated in an investigation, proceeding, or hearing. *See* 42 U.S.C. § 2000e-3; Neb. Rev. Stat. § 48-1114.[4]

To prevail on a retaliation claim, a plaintiff must show "(1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *Bunch v. Univ. of Ark. Bd. of Tr.*, 863 F.3d 1062, 1069 (8th Cir. 2017) (quoting *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 978 (8th Cir. 2012)). The Court broadly construes Title VII's antiretaliation provision, which prohibits employer conduct that might dissuade a reasonable worker from engaging in protected activity. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011) (quoting *Burlington N. & S.F. Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

The Supreme Court has decided some third-party reprisals can form the basis of a retaliation claim. *Id.* Without defining a fixed class of relationships for which third-party reprisals are unlawful, the Supreme Court has held an employee can bring a Title VII claim for retaliation suffered in response to protected activity of a coworker who was also a close family member. *Id.* ("We think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiance would be fired.").

The Eighth Circuit has made clear a third-party reprisal only supports a retaliation claim where "both the person who had engaged in the protected activity . . . and the person who [suffered the adverse employment action] were employed" by the same employer. *Tovar v. Essentia Health*, 857 F.3d 771, 777 (8th Cir. 2017).

Here, JLL contends Nichols and Rodney were not employed by the same employer. JLL employed Nichols and First Data employed Rodney. According to JLL, the Court

---

[4]"The Nebraska legislature patterned the NFEPA after Title VII, and Nebraska courts consider federal court decisions when construing its language." *Davis v. Ricketts*, 765 F.3d 823, 826 (8th Cir. 2014). Accordingly, the Court will analyze Nichols's Title VII and NFEPA claims together.

should dismiss Nichols's claim because it is based "on alleged protected conduct of her spouse who works for a *different* employer." In JLL's view, Nichols is asking the Court to allow her to "maintain a retaliation claim against her own employer for the alleged protected conduct of a different employee working for a different employer."

Nichols has done little to respond to JLL's argument that First Data was not Nichols's employer. Nichols has cited to third-party reprisal cases involving current or former coworkers and merely highlighted the "contractual relationship" between JLL and First Data. But Nichols has failed to allege a plausible retaliation claim.[5]

Under certain circumstances, "the operations of two or more employers are considered so intertwined that they can be considered the single employer of the charging party." *Davis v. Ricketts*, 765 F.3d 823, 827 (8th Cir. 2014) (quoting EEOC Compliance Manual § 2-III(B)(1)(a)(iii)). Determining whether two employers are joint employers (or an "integrated enterprise") is a fact-heavy exercise performed using the four-factor test in *Baker v. Stuart Broadcasting, Co.*, 560 F.2d 389, 392 (8th Cir. 1977). The Court considers: (1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control over the entities. *Id.*

Nichols has not plead sufficient facts in her amended complaint to plausibly show JLL and First Data were her joint employers or Nichols and Rodney were coworkers. She has failed to state a claim at this point. The Court, however, will allow Nichols fourteen days to amend her amended complaint to remedy the deficiencies noted here. Failure to do so may result in the dismissal of this case with prejudice without further notice. Accordingly,

---

[5]In addition to the deficiencies noted by JLL, the Court also doubts whether Nichols has sufficiently alleged her husband engaged in protected conduct as Nichols has not stated the basis for his discrimination charge.

5

IT IS ORDERED:

1. Plaintiff Tina L. Nichols must file a second amended complaint within fourteen days of this Memorandum and Order remedying the deficiencies noted herein. Failure to do so may result in dismissal of this case without further notice.

2. Defendant Jones Lang Lasalle Americas, Inc.'s Motion to Dismiss (Filing No. 13) is denied subject to reassertion on plaintiff Tina L. Nichols's second amended complaint or failure to file a second amended complaint.

Dated this 20th day of August 2019.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
United States District Judge