UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **TINA L. NICHOLS,** an individual,<br>　　Plaintiff,<br>v.<br>**FIRST DATA CORPORATION,** a Delaware Corporation,<br>and<br>**JONES LANG LASALLE AMERICAS, INC.,** a Maryland Corporation<br><br>　　　　Defendants. | Case No. 8:19-cv-35<br><br>**BRIEF IN OPPOSITION TO JONES LANG LASALLE'S SECOND MOTION TO DISMISS** |

**INTRODUCTION**

Defendant Jones Lang Lasalle Americas Inc.'s ("JLL") second Motion to Dismiss for Failure to State a Claim (Doc. 20) ("Second Motion to Dismiss") requests that this Court dismiss Plaintiff Tina Nichols' ("Ms. Nichols") Third Amended Complaint[1] prior to engaging in any discovery whatsoever. JLL asserts two (2) equally flawed bases for its Second Motion to Dismiss:

　　(1) JLL assumes that it can re-frame the specific factual allegations Ms. Nichols asserted in her Third Amended Complaint as "labels and conclusions" to defeat liability under Title VII (Doc. 21 at CM/ECF p. 5); and

　　(2) JLL disagrees with the United States Supreme Court's decision in *Thompson v. N. Am. Stainless LP*, 562 U.S. 170, 173 (2011) and this

---

[1] Ms. Nichols filed her Second Amended Complaint (Doc. 18) on September 3, 2019. She filed her Third Amended Complaint (Doc. 26) to substitute First Data Corporation for First Data Resources after counsel for First Data Corporation alerted Ms. Nichols' counsel to her inadvertent error in naming the incorrect corporate entity. The Court allowed Ms. Nichols to file a Third Amended Complaint, but did not require JLL to re-file its Motion to Dismiss, because Ms. Nichols allegations against JLL remained the same. (Doc. 25). For purposes of continuity moving forward in the case, Ms. Nichols refers to her Third Amended Complaint throughout this Brief.

Court's legal analysis in its Memorandum and Order (Doc. 17 at CM/ECF p. 4), and believes that Ms. Nichols' third-party reprisal claim fails due to the fact that it was her husband who engaged in protected activity and not Ms. Nichols herself (Doc. 21 at CM/ECF p. 8).

JLL urges this Court to undermine its own decision and ignore mandatory precedent because JLL is being held "hostage" by Ms. Nichols. (Doc. 21 at CM/ECF p. 8). JLL's incredible accusation that it being victimized by Ms. Nichols' pursuit of a valid legal claim is unworthy of credence credence. Congress did not enact Title VII to protect employers, like JLL, from being sued when they retaliate against their employees. Quite the opposite, courts broadly construe Title VII's anti-retaliation provision and definition of employer "so as to carry out purposes of Congress to eliminate inconvenience, unfairness and humiliation of discrimination." *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (1977); *See Thompson v. N. Am. Stainless* LP, 562 U.S. 170, 173 (2011). For the reasons set forth below, Ms. Nichols respectfully requests the Court deny JLL's Motion to Dismiss and allow this matter to proceed through the discovery process and trial.

### PROCEDURAL BACKGROUND

This Court denied Jones Lang Lasalle Americas Inc.'s ("JLL") first Motion to Dismiss for Failure to State a Claim (Doc. 13) on August 20, 2019 (Doc. 17). The Court granted Ms. Nichols leave to file an amended complaint "to plausibly show JLL and First Data wereher joint employers or Nichols and Rodney were coworkers." (Doc. 17 at CM/ECF p. 5). Ms. Nichols did so, by adding the following language to her complaint:

2

> 9. First Data and JLL were Ms. Nichols' joint employers. JLL maintains a branch office at First Data's Omaha, Nebraska facility located at 6855 Pacific Street. JLL refers to First Data as its tenant, but First Data owns its facilities, and JLL runs the day to day operations of First Data's physical facilities. In her job, Ms. Nichols completed tasks related to JLL's management of First Data's facilities. Ms. Nichols' manager Matt Covey was on the JLL payroll, but Ms. Nichols regularly worked with and took direction from First Data Director of Properties Scott Altic, who managed and directed Covey's work. Ms. Nichols used both JLL and First Data web platforms to complete her work. In Ms. Nichols' Mid-Year Review, Covey referred to this joint enterprise as the "JLL/First Data Family." Significantly, First Data exercises control over JLL's decisions to hire and fire employees, as is evident by the fact that First Data instructed JLL to fire Ms. Nichols, and JLL did so.

(Doc. 26 at CM/ECF p. 3).

Despite Ms. Nichols amending her Complaint to allege sufficient and specific facts to demonstrate JLL and First Data were her joint employers, JLL filed its Second Motion to Dismiss (Doc. 20). JLL's Second Motion to Dismiss (Doc. 20) requests dismissal on essentially the same grounds as its prevoius Motion to Dismiss (Doc. 13).

## **FACTUAL BACKGROUND**

This Court has already issued an opinion summarizing the facts alleged in Ms. Nichols' Third Amended Complaint, other than the factual allegations she has added, *supra,* so she will not duplicate the Court's efforts here. See Doc. 17 at CM/ECF pp. 1-3.

## **STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showng that the pleader is entitled to relief." Specific facts

are generally not required; "the statement need only give the defendant fair notice'" of the nature and grounds of the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a Rule 12(b)(6) motion, a "complaint must contain facts sufficient to state a claim that is plausible on its face." *Ash v. Anderson Merch., LLC*, 799 F.3d 957, 960 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]our to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gomez v. Wells Fargo Bank, N.A.*, 676 F.3d 655, 660 (8th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Labels, conclusions, and formulaic recitations of elements do not suffice. *Ash*, 799 F.3d at 960.

"The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitvely the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants." *Ash*, 799 F.3d at 961. A complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence" to substantiate the necessary elements of plaintiff's claim. *Bell*, 550 U.S. 544, 556.

### I. MS. NICHOLS ALLEGED SUFFICIENT FACTS TO ESTABLISH JLL AND FIRST DATA WERE JOINT EMPLOYERS

In the context of cases alleging violation of Title VII of the Civil Rights Act of 1964, liberal construction is to be given to the definition of "employer" so as to carry out purposes of Congress to eliminate inconvenience, unfairness and humiliation of discrimination. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (1977). Even so, the Eighth Circuit

4

limits third-party reprisal retaliation claims to situations where "both the person who had engaged in the protected activity . . . and the person who [suffered the adverse employment action] were employed" by the same employer. *Tovar v. Essentia Health*, 857 F.3d 771, 777 (8th Cir. 2017).

Under certain circumstances, "the operations of wo or more employers are considered so intertwined that they can be considered the single employer of the charging party." *Davis v. Rickets*, 765 F.3d 823, 827 (8th Cir. 2014) (quoting EEOC Compliance Manual §2-III(B)(1)(a)(iii)). Determining whether two employers are joint employers (or an "integrated enterprise") is a fact-heavy exercise performed using the four-factor test in *Baker*, 560 F.2d at 390. The Court considers "whether their total relationship reveals: (1) some functional interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control over the entities."[2] *Pulitzer Pub. Co. v. NLRB*, 618 F.2d 1275 (8th Cir. 1980) (citing *Parklane Hosiery Co., Inc.*, 203 N.L.R.B. 597, 6172, amended on other grounds, 207 N.L.R.B. 999 (1973)). No one factor is controlling on its own, but "stress has normally been laid upon the first three factors which reveal functional integration with particular reference to whether there is centralized control of labor relations." *Id.*

Ms. Nichols' Third Amended Complaint properly alleges specific facts to support the three (3) most significant factors that are stressed in determining whether a joint

---

[2] This standard was promulgated by the National Labor Relations Board and the Eighth Circuit has adopted these factors in Title VII cases. *See Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977).

employer relationship exists. Specifically, Ms. Nichols' Third Amended Complaint sets forth specific facts to show:

> (1) <u>Some Functional Interrelation of Operations</u> – JLL maintains an office within First Data's facilities, and JLL runs the day to day operations of First Data's facilities from within First Data (Third Amended Complaint at ¶9);
>
> (2) <u>Centralized Control of Labor Relations</u> – First Data exercised control over JLL's employment decisions. When First Data told JLL to fire Ms. Nichols, JLL followed First Data's direction. (Third Amended Complaint at ¶9);
>
> (3) <u>Common Management</u> – First Data Director of Properties, Scott Altic, managed and directed the work of Matt Covey – Ms. Nichols' supervisor. Ms. Nichols also regularly worked with and took direction from Altic. (Third Amended Complaint at ¶9)

JLL urges this Court to ignore Ms. Nichols' specific factual allegations and dismiss her Third Amended Complaint, citing *Ash v. Anderson Merchandisers,* LLC, 799 F.3d 957 (8th Cir. 2015). However, unlike Ms. Nichols, the *Ash* plaintiffs' complaint set forth only the following conclusory statement:

> During all relevant times, [Anderson, West, and AnConnect] were part of an integrated enterprise and, as such, were plaintiffs' employer. During all relevant times, and upon information and belief, all of these defendants shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control.

*Ash*, 799 F.3d 957 at 961.

Significantly, dicta from the *Ash* Court suggests that they were searching for exactly the type of specific factual allegations that Ms. Nichols sets forth in her Third

Amended Complaint. The *Ash* Court explained that the plaintiffs could have satisfied the requirements of Rule 12(b)(6) if they had alleged, "such facts as the name on their business cards, the identity of their supervisors, the source of their work schedules, and the information they were given when they were hired. It is this type of factual allegation that could 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

JLL also cites extensively to *Davis v. Ricketts*, 765 F.3d 823 (8th Cir. 2014), in support of its motion to dismiss Ms. Nichols' Third Amended Complaint. To its credit, JLL correctly points out that in *Ricketts*, the Eighth Circuit upheld Judge Smith Camp's decision, *on summary judgment*, to dismiss Plaintiff's complaint for failure to establish that her employers were "joint" employers for purposes of Title VII. *Id.* JLL fails to acknowledge, however, that prior to her decision on summary judgment, Judge Smith Camp denied the *Ricketts* defendants' motion to dismiss for failure to state a claim. *Davis v. Ricketts*, No. 8:11CV221, 2011 WL 9369010 (D. Neb. Nov. 14, 2011). In her decision denying the *Ricketts* defendants' motion to dismiss, Judge Smith Camp explained her reasoning:

> the Complaint alleges that the two entities have common ownership and management, that Hugo Enterprises was responsible for the business administration of the Foundation, and that the personnel actions at issue in this case were effected by officers and agents of Hugo Enterprises.

*Davis v. Ricketts*, No. 8:11CV221, 2011 WL 9369010 at *5 (D. Neb. Nov. 14, 2011).[3]

---

[3] JLL's reliance on *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977) and *Russom v. Sears, Roebuck & Co.*, 558 F.2d 439 (8th Cir. 1977) is similarly flawed. *Baker* was decided by motion at the close of Plaintiff's presentation of evidence *at trial*. *Baker*, 560 F.2d at 390. *Russom* was determined after the close of evidence in a bench trial. *Russom*, 558 F.2d at 441.

Similarly, JLL's motion to dismiss Ms. Nichols' Third Amended Complaint should be denied. Ms. Nichols has established that JLL and First data have common management, that JLL was responsible for the facilities administration of First Data, and that the personnel action at issue in this case – Ms. Nichols' termination – was effected by the agents of First Data and JLL. *See Id.*

## II. MS. NICHOLS ALLEGED SUFFICIENT FACTS TO ESTABLISH A THIRD PARTY REPRISAL CLAIM

Title VII and NFEPA prohibit an employer from retaliating against an employee who opposed an unlawful employment practice or made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing. *See* 42 U.S.C. §2000e-3; Neb. Rev. Stat. §48-1114.

To prevail on a retaliation claim, a plaintiff must show "(1) she engaged in protected conduct, (2) she suffered a materilaly advers employment act, and (3) the adverse act was causally linked to the protected conduct." *Bunch v. Univ. of Ark. Bd. of Tr.*, 863 F.3d 1062, 1069 (8th Cir. 2017) (quoting *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 978 (8th Cir. 2012)). The Court broadly construes Title VII's antiretaliation provision, which prohibits employer conduct that might dissuade a reasonable worker from engaging in protected activity. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011) (quoting *Burlington N. & S.F. Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

The Supreme Court has decided that third-party reprisals can form the basis of a retaliation claim. *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011). The Supreme Court has held an employee can bring a Title VII claim for retaliation suffered in response to protected activity of a coworker who was also a close family member,

8

explaining, "[w]e think it obvious that a reasonable worker might be dissuaded from engaging in protected activity if she knew that her fiancé would be fired." *Id.*

Ms. Nichols' case meets the standard set forth in *Thompson v. North American Stainless,* LP, 562 U.S. 170 (2011), because a reasonable worker would be dissuaded from engaging in a protected activity if he knew that his wife would be terminated by their joint employers. *Id.* Ms. Nichols husband, Rodney Nichols, dual filed a charge of discrimination with the Omaha Human Rights and Relations Department ("OHRRD") and the federal Equal Employment Opportunity Commission ("EEOC") against his employer, First Data. *See* Case No. 8:18-cv-378. As a result of Ms. Nichols' husband filing that charge, First Data instructed JLL to fire Ms. Nichols and JLL fired Ms. Nichols. As established in Section I, *supra.*, JLL and First Data were Ms. Nichols' joint employers for purposes of Title VII. In other words, Ms. Nichols and her husband were employed by the same employer. The United States Supreme Court has acknowledged that retaliation against an individual's fiancé could form the basis of a third party reprisal claim, so retaliation by joint employers against an individual's wife should certainly be sufficient to establish such a claim.

JLL argues that combining a joint employer theory of liability with a third party reprisal retaliation claim is an unwarranted expansion of existing law. (Doc. 21 at CM/ECF pp. 9-11). However, JLL fails to explain why these theories are legally inconsistent, or why two (2) valid legal theories should somehow cancel one another out. Any such conclusion would constitute a departure from long standing precedent regarding construction of Title VII. It is well established that courts broadly construe Title VII's anti-

retaliation provision and Title VII's definition of employer "so as to carry out purposes of Congress to eliminate inconvenience, unfairness and humiliation of discrimination." *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 391 (1977); *See Thompson v. N. Am. Stainless LP*, 562 U.S. 170, 173 (2011).

## **CONCLUSION**

For the reasons set forth above, Ms. Nichols respectfully requests that this Court deny JLL's Second Motion to Dismiss in its entirety and allow this case to proceed through discovery and trial. In the alternative, Ms. Nichols requests that this Court allow her an opportunity to further amend her Third Amended Complaint to correct any deficiencies.

DATE: <u>October 8, 2019</u>.

                                                      TINA NICHOLS, PLAINTIFF,

                                                   Respectfully submitted,

                                        By:    *s/ Alexis S. Mullaney*
                                                        Alexis S. Mullaney, #25908
                                                        Terry A. White, #18282
                                                        **CARLSON & BURNETT LLP**
                                                        2002 Douglas Street, Suite 100
                                                        Omaha, NE 68102
                                                         Direct (402) 952-4175
                                                         Main (402) 934-5500
                                                         alexis@carlsonburnett.com
                                                         *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that on October 8, 2019, she electronically filed a true and correct copy of the foregoing document with the United States District Court for the District of Nebraska's CM/ECF e-filing system which will send notice to the following:

  Marnie A. Jensen
  Kamron Hasan
  Marnie.jensen@huschblackwell.com
  Kamron.hasan@huschblackwell.com

  Cody E. Brookhouser
  cbrookhouser@mcgrathnorth.com

           */s/ Terry A. White*_____
           Terry A. White