IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TINA L. NICHOLS, an individual, | Case No. 8:19-cv-35 |
| Plaintiff, | |
| v. | **DEFENDANT JONES LANG LASALLE AMERICAS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| FIRST DATA CORPORATION, a Delaware Limited Liability Corporation, | |
| and | |
| JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation | |
| Defendants. | |

Defendant Jones Lang LaSalle Americas, Inc. ("JLL"), by and through its undersigned counsel of record, respectfully submits this Reply Brief in Support of its Motion to Dismiss Plaintiff Tina L. Nichols' ("Plaintiff") Third Amended Complaint.[1]

## ARGUMENT AND AUTHORITIES

Plaintiff concedes that her only hope for surviving JLL's Motion to Dismiss is for this Court to expand the protections of Title VII and NFEPA by combining two separate doctrines: joint employer theory and third-party reprisal. Doc. No. 27, p. 9. That hope relies exclusively on one added paragraph in her Amended Complaint, which presents conclusory facts regarding overlap between JLL and First Data and which is silent on Plaintiff's husband's position and merely speaks to Plaintiff's position alone. Doc. No. 26, ¶ 9. As briefly identified below and

---

[1] JLL filed a Motion to Dismiss Plaintiff's Second Amended Complaint on September 17, 2019. (Doc. No. 20). Plaintiff subsequently filed a Third Amended Complaint on September 25, 2019, to correct an error in co-Defendant First Data Corporation's name. (Doc. No. 26). This Court directed that JLL need not re-file a responsive pleading, as the Court would instead construe JLL's Motion to Dismiss as its responsive pleading to Plaintiff's Third Amended Complaint. (Doc. No. 25). JLL proceeds accordingly, directing this Reply Brief to Plaintiff's Third Amended Complaint.

1

explained in JLL's Brief in Support of Motion to Dismiss (Doc. No. 21), these allegations and Plaintiff's disregard of the two exceptions to Title VII and NFEPA are insufficient to avoid dismissal.

In addition to Plaintiff's already-identified failure to allege a joint employer theory, (*see* Doc. No. 21, pp. 4-8), Plaintiff's factual averments are specific to only one discrete area of JLL's business and fail to establish that JLL and First Data "are of such coagulation that they must be considered one." *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 391 (8th Cir. 1977). Plaintiff has not shown otherwise. *See* Doc. No. 27. Instead, Plaintiff criticizes that one of the cases cited by JLL arose in the summary judgment context. Yet this distinction supports dismissal of Plaintiff's Complaint: if a set of facts presented on summary judgment was insufficient as a matter of law, Plaintiff has failed to state a claim as she has not even *alleged* as many facts as presented in a case that could not survive summary judgment.

More fundamentally, Plaintiff's attempt to combine joint employer and third-party reprisal doctrines fails even if she adequately alleged a joint employer theory. In *Thompson v. N. Am. Stainless, LP*, the Supreme Court allowed a third-party reprisal claim where the plaintiff alleged that his employer "had fired him *in order to retaliate against [the plaintiff's wife]* for filing her charge with the EEOC." 562 U.S. 170, 172 (2011) (emphasis added); *accord id.* at 178 ("Hurting [plaintiff] was the unlawful act by which the employer punished [plaintiff's wife]."). Here, Plaintiff's husband, Rodney Nichols ("Rodney"), "was employed directly by First Data[.]" Doc. No. 26, ¶ 15. Plaintiff's belated joint employer allegations focus solely on how First Data and JLL allegedly co-managed details of Plaintiff's specific job. *Id.* at ¶ 9. There is no allegation that First Data and JLL overlap as to Rodney's position, or that JLL is Rodney's joint employer.[2]

---

[2] The Eighth Circuit's interpretation of the joint employer doctrine demonstrates, in part, why Plaintiff's joint employer allegations fail to get her closer to a third-party reprisal claim. Several other Circuits have distinguished

Under *Thompson*'s third-party reprisal doctrine, Plaintiff's Complaint fails as to JLL unless she alleges that "[h]urting [Plaintiff] was the unlawful act by which [JLL] punished [Rodney]." 562 U.S. at 178. This was further emphasized by the Eighth Circuit in clarifying that "*Thompson* therefore fails to establish that the protections of Title VII extend to an employer's discrimination against an employee's beneficiary who does not have *an independent relationship with the employer*." *Tovar v. Essentia Health*, 857 F.3d 771, 777 (8th Cir. 2017) (emphasis added). At most, Plaintiff alleges she had an independent relationship with First Data, despite being hired by JLL. But her allegations establish no relationship between Rodney and JLL. Plaintiff's claim fails because she cannot establish that JLL terminated her as retaliation against one of its employees.

## **CONCLUSION**

For the foregoing reasons, in addition to the reasons set forth in its Brief in Support of Motion to Dismiss, Defendant Jones Land LaSalle Americas, Inc. respectfully requests this Court grant its Motion to Dismiss, dismiss Plaintiff's Complaint, with prejudice, and award Defendant such other further relief as may be just and equitable.

---

between the "joint employer" and "integrated enterprise" doctrines. *See N.L.R.B. v. W. Temp. Servs., Inc.*, 821 F.2d 1258, 1266 (7th Cir. 1987) ("Single employer status exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a single employer . . . The joint employer concept, by contrast, is not based on the integration of two companies but instead looks to the control two separate companies exert over the same employees.") (cleaned up). In contrast, the Eighth Circuit has appeared to blend the concepts. *See Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 578 F.3d 787, 796 (8th Cir. 2006) (noting that integrated enterprise test should be "harmonized" with joint employer test). The theory Plaintiff attempts to plead would fall within the joint employer test in other Circuits, as the allegations are specific to her position—not allegations that First Data and JLL themselves are effectively one entity. Only if Plaintiff could plausibly plead that the two entities are integrated, which she has not and cannot, could JLL potentially have had an independent relationship with Rodney such that it could have retaliated against him by terminating Plaintiff.

3

Dated this 14th day of October, 2019.

                                      JONES LANG LASALLE AMERICAS, INC., Defendant.

By:   */s/ Kamron Hasan*
Marnie A. Jensen (#22380)
Kamron Hasan (#25404)
Quinn R. Eaton (#26318)
HUSCH BLACKWELL LLP
13330 California St., Ste. 200
Omaha, NE 68154
Telephone: (402) 964-5000
Facsimile:(402) 964-5050
marnie.jensen@huschblackwell.com
kamron.hasan@huschblackwell.com
quinn.eaton@huschblackwell.com

*Attorneys for Jones Lang LaSalle Americas, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 14th day of October, 2019, the foregoing document was electronically filed with Clerk of the Court using the CM/ECF system which sent electronic notification of such filing to all CM/ECF Participants.

                                      /s/ *Kamron Hasan*

4